299 F.2d 47
 John M. SHUBIN and Peter S. Shubin, Petitioners,
v.
The UNITED STATES DISTRICT COURT FOR the SOUTHERN DISTRICT OF CALIFORNIA, CENTRAL DIVISION, Respondent, and
S. Vincen Bowles, Inc., Respondent.
 No. 17590.
 United States Court of Appeals Ninth Circuit.
 December 29, 1961.
 
 William Douglas Sellers, Pasadena, Cal., for appellant.
 Fulwider, Mattingly & Huntley, Wm. K. Rieber, Frederick E. Mueller, Los Angeles, Cal., for respondent.
 Before BARNES, HAMLIN and JERTBERG, Circuit Judges.
 PER CURIAM.
 
 
 1
 Before us is a petition for mandamus to require the district court to grant petitioners a jury trial on certain issues raised by a proposed amended counter-claim.
 
 
 2
 The original complaint below sought declaratory relief as to whether the then defendants' (here petitioners Shubin) patent was valid; and denied infringement by plaintiff. The original answer and counterclaim sought an injunction and an accounting, and demanded a jury. After plaintiff below sought leave to strike the defendants' demand for a jury trial, upon the ground only equitable issues were involved, defendants below sought to amend their counterclaim to eliminate all need for equitable relief, and to allege damages, and thus create a factual question.
 
 
 3
 It should be mentioned that discovery proceedings below indicated the prelitigation notice of patent and charge of infringement had so closely antedated the filing of the suit that both parties had agreed that no infringement had taken place — hence no necessity for the equitable relief prayed for in the original answer and counterclaim.
 
 
 4
 A partial transcript of the proceedings below is before us on this motion. It indicates the trial judge recognized that patent suits do not lend themselves readily to trial by jury for obvious reasons, yet if the defendants below and petitioners here were entitled under the law to a jury trial, he could not, and would not, deny their request.
 
 
 5
 Inferring that the only purpose of the proposed amended counterclaim was to create a factual issue in the case not then existing, the trial judge denied petitioners the right to amend. He then granted the motion to strike the demand for a jury trial upon the ground only equitable issues were involved.
 
 
 6
 When this action took place, petitioners had no legal right in the then posture of the case to amend their pleading without permission of the court. Such permission should be freely granted. Yet here it was not, for reasons sufficient to an experienced trial judge. Such an amendment, a matter of course before a responsive pleading is served, is not a matter of course or right after a responsive pleading is served.[1] We find no abuse of discretion in either of the court's rulings.
 
 
 7
 The petition for a writ of mandamus or other relief is denied.
 
 
 
 Notes:
 
 
 [1]
 "Rule 15. AMENDED AND SUPPLEMENTAL PLEADINGS
 "(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. * * *" (Fed.Rules Civ.Proc. 15(a), 28 U.S.C.)
 "Rule 7. PLEADINGS ALLOWED; FORMS OF MOTIONS
 "(a) Pleadings. There shall be a complaint and an answer; and there shall be a reply to a counterclaim denominated as such; * * * ." (Fed.Rules Civ.Proc. 7(a), 28 U.S.C.)
 Petitioners did not move in the district court for leave to file an amended counterclaim (Tr. 35-41) until after respondent had filed a reply to the original counterclaim (Tr. 15-22).